IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARVIN LAGARDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 10-4004 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS**

Defendant, United States of America, in support of the United States' Motion to Dismiss, filed herewith, submits its memorandum in support of dismissal.

On or about November 25, 2009, the plaintiff, Marvin LaGarde, filed a complaint in the Circuit Court of the Fourteenth Judicial Circuit, Bureau County, Illinois against Sang Kim ("Kim"). The complaint essentially alleges that Kim while employed with U.S. Army provided information to plaintiff's supervisor, at a time when plaintiff was also an employee of the United States Army, which plaintiff considered to be defamatory and which allegedly interfered with his prospective business operations.

1

On January 8, 2010, the United States of America, on behalf of then defendant Kim, filed a Notice of Removal pursuant to 26 U.S.C. § 2679(d)(2). The Notice of Removal stated that, in accordance with § 2679, the designee of the Attorney General certified that Kim was acting within the scope of his employment as a federal employee. The Certification of Scope of Employment signed by Jeffrey B. Lang, Acting United States Attorney for the Central District of Illinois, stated that defendant Kim at all times relevant to the complaint was acting within the scope of his employment as Quality Assurance Manager for the First Battalion of the 402nd Army Field Support Brigade, an agency within the United States Department of Army.

As the defendant was acting with the scope of his employment at the time of the incidents alleged, § 2679 allows the case to be removed from the Circuit Court of Bureau County, Illinois to this Court.[1]

On January 19, 2010, again pursuant to statute § 2679 which provides that the exclusive remedy is an action against the United States, the government moved to be substituted as party defendant. On January 21, 2010, this Court granted the United States' motion. Pursuant to order of this Court, the United States is the defendant to this action and Kim is dismissed as a defendant.(R.8)

---

[1] On January 14, 2010, plaintiff filed a motion to remand (R.3) which was denied by the Court on January 21, 2010 (R.8).

2

The United States as defendant now asserts that this case should be dismissed because the plaintiff failed to exhaust his administrative remedies.

28 U.S.C. § 2675 states as follows:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

It has long been recognized that the filing of an administrative claim pursuant to § 2675 is a jurisdictional prerequisite to filing an action pursuant to the Federal Tort Claims Act ("FTCA"). Further, the requirement of filing a claim before bringing an action under the FTCA cannot be waived. *See, Erxleben v. United States*, 668 F.2d 268, 270-71 (7th Cir. 1981).

Plaintiff is seeking to recover monetary damages from the United States due to the alleged tortious conduct of a federal employee who was acting within the scope of his employment at the time of the incidents alleged. Under § 2675 the plaintiff is required to submit an administrative claim before he may proceed in federal court.

To date, plaintiff has not filed an administrative claim. The attached

Declaration of Lorenzo Ferguson, Chief of the Operations and Records Branch of the United States Army Claims Service at Fort Meade, Maryland, asserts that he has access to records of all claims filed against the United States for which the Army has investigative responsibility, including claims filed under the Federal Tort Claims Act.  Ferguson conducted a thorough search of all records available to his Service and found no record that Marvin Lagarde had filed an administrative claim.

This action is premature as it is brought prior to the filing of the administrative claim. In fact, this action cannot even be preserved by a late filed administrative claim. *McNeil v. United States*, 113 S.Ct. 1980 (1993).  This court should dismiss this case due to plaintiff's failure to exhaust his administrative remedies prior to filing this action.

**WHEREFORE,** the United States respectfully requests this court to dismiss plaintiff's case.

>Respectfully submitted,
>
>JEFFREY B. LANG
>Acting United States Attorney
>
>BY:   **S:/ GERARD A. BROST**
>   Gerard A. Brost
>   Assistant United States Attorney
>   One Technology Plaza
>   211 Fulton Street, Suite 400
>   Peoria, Illinois 61602
>   (309) 671-7050

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2010, I electronically filed the **Defendant's Memorandum in Support for Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen Fieweger

s/ Patrick A. Moore
Paralegal Specialist
