UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MARVIN LAGARDE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-4004 |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss. (Doc. 9). For the reasons explained below, the Motion to Dismiss is denied without prejudice, and Plaintiff may submit additional briefing and evidence on the question of whether Sang Kim was acting in the scope of his federal employment when making the statements alleged in the Complaint.

### BACKGROUND

Plaintiff is an employee of the United States Army, employed at the Rock Island Arsenal as a Quality Assurance Specialist. Plaintiff was deployed to Mosul, Iraq in 2008, where he was supervised by Sang Kim.[1]

On November 25, 2009, Plaintiff filed a Complaint against Mr. Kim in the Circuit Court of the Fourteenth Judicial Circuit in Rock Island County, Illinois. (Doc. 1-2). In his Complaint, Plaintiff alleged that Mr. Kim had defamed him and

---

[1] Plaintiff's Complaint does not state explicitly the relationship between himself and Mr. Kim. However, Defendant's Reply in support of its Motion to Dismiss reveals that Mr. Kim was Plaintiff's supervisor in Iraq, and that Mr. Kim was himself stationed in Balad, Iraq. (Doc. 13 at 4-5).

intentionally interfered with his prospective business opportunities through an email on December 11, 2008 to Plaintiff's supervisor, Steve Terronez, at the Rock Island Arsenal.[2] (Doc. 1-2). Plaintiff contends that this email, in which Mr. Kim allegedly informed Plaintiff's supervisor that Plaintiff had falsely represented the duties he had performed in Iraq and that he had failed to properly perform his duties, was false and defamatory, and was sent with the intent of impeding Plaintiff's future employment opportunities with the Army. (Doc. 1-2 at ¶¶ 5, 9). He also alleges that Mr. Kim's statements were "malicious in that he knew they were false or acted in reckless disregard for their truth," and that they "were intentional and malicious in that he had no personal knowledge of the facts that he accused plaintiff of misrepresenting and he had expressed an extreme animosity toward the plaintiff." (Doc. 1-2 at ¶¶ 8, 11).

On January 8, 2010, the United States, on behalf of Mr. Kim, filed a Certification of Scope of Employment by Acting United States Attorney Jeffrey B.

---

[2] In its Reply in support of its Motion to Dismiss, Defendant has provided a copy of this email and the two that preceded it, which was apparently attached to Plaintiff's state-court Complaint as an exhibit, but which was not submitted when the case was removed to this Court. (Doc. 13, Ex. A at 8-10). This copy indicates that on December 11, 2008, Mr. Terronez requested information about Plaintiff's duties in Iraq as Plaintiff had reported them to Mr. Terronez as part of his performance appraisal.

Mr. Kim's reply, also on December 11, 2008, states that, after checking with a co-worker, he could not confirm that Plaintiff had undertaken either of the two duties he reported to Mr. Terronez, that the first of such duties would have interfered with his other work and would have been beyond the scope of the work he was assigned to, and that, as to the second of the duties, Mr. Kim had never been informed of Plaintiff's qualifications to perform it. Mr. Kim also expressed his concerns that the inquiry from Mr. Terronez indicated that Plaintiff may not have been performing the work "as contracted," and that employees such as Plaintiff may have been assigned to additional work without Mr. Kim's knowledge. It is this December 11, 2008 reply that is the subject of Plaintiff's Complaint.

Lang and removed the matter to this Court, pursuant to 28 U.S.C. § 2679(d)(2).[3] (Doc. 1). Mr. Lang's Certification stated that Mr. Kim was acting in the scope of his employment with the United States Army at all times relevant to the Complaint. (Doc. 5-1). On January 14, 2010, Plaintiff filed a Motion to Remand, arguing that removal to federal court was untimely. (Doc. 3). The United States, acting on behalf of Mr. Kim, responded on January 19, 2010, in opposition to the Motion to Remand and also filed on that date a Motion to Substitute itself as Defendant for Mr. Kim under 28 U.S.C. § 2679(d)(2). (Docs. 6 & 7). On January 21, 2010, Magistrate Judge Gorman denied Plaintiff's Motion to Remand and granted the Motion to Substitute Party. (Doc. 8). Magistrate Judge Gorman found that the United States' removal was timely under § 2679(d)(2), which provides that, upon certification by the Attorney General that a defendant is acting within the scope of his federal employment, the action shall be removed to federal court "at any time before trial." (Doc. 8 at 2). He also found that the substitution of the United States as Defendant in place of Mr. Kim was proper, as under the Federal Tort Claims Act, "a suit against the United States is the exclusive remedy for persons with claims for

---

[3] 28 U.S.C. § 2679(d)(2): "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."

The Attorney General has delegated authority to certify scope of employment to the United States Attorneys. 28 C.F.R. § 15.4(a).

damages resulting from the actions of federal employees acting within the scope of their employment;" as the Certification had been filed, the suit would be deemed to be one against the United States.  (Doc. 8 at 2).

The United States subsequently filed a Motion to Dismiss Plaintiff's suit, arguing that Plaintiff had failed to exhaust his administrative remedies as required by the Federal Tort Claims Act.  (Docs. 9 & 10).  Plaintiff responded in opposition to this Motion to Dismiss, arguing that Mr. Kim was not acting within the scope of his employment and that the Federal Tort Claims Act was therefore inapplicable; Plaintiff did not dispute that he has not exhausted his administrative remedies.  (Docs. 11 & 12).  The Court ordered the United States to file a reply to Plaintiff's response, which it did, addressing Plaintiff's arguments in the Response, and providing additional evidence and documentation on the scope of employment issue.  (Doc. 13).

## DISCUSSION

Under the Federal Tort Claims Act, as amended by the "Westfall Act," federal employees are personally immune from suits alleging that they have committed state common law torts, if those actions took place within the scope of the employee's employment.  28 U.S.C. § 2679(b)(1).  In addition, such cases must be removed to federal court if they are filed in state court.  28 U.S.C. § 2679(d)(2).  This removal and substitution process begins with a Certification filed by the Attorney General or his delegate that the employee's conduct was within the scope of his federal employment.  28 U.S.C. § 2679(d)(2).

As to removal of the matter to federal court, the Certification "conclusively establish[es] scope of office or employment." 28 U.S.C. § 2679(d)(2); *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995). *See also Godbout v. Parizek*, 03-c-2879, 2004 WL 442601, *2 (N.D. Ill. Feb. 9, 2004). A proper Certification was filed by the Acting United States Attorney, the Attorney General's delegate. Therefore, there can be no valid objection to the removal of this action by Defendant to this Court.[4] However, the Certification is "the first, but not the final word," as to whether the United States should be substituted as defendant; judicial review of the scope of employment certification is proper. *Gutierrez de Martinez*, 515 U.S. at 432, 434; *Hamrick v. Franklin*, 931 F.2d 1209, 1211 (7th Cir. 1991) ("when a review of the scope certification is requested, as it was here, the district court should give *de novo* review to determine whether the certification was proper").

As noted by Defendant, Plaintiff's Response to the Motion to Dismiss essentially requests reconsideration of Magistrate Judge Gorman's ruling that the

---

[4] The situation in which a case is removed, but the request for substitution is denied was contemplated by the Supreme Court in *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435 (1995) (*quoting Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493 (1983)) (emphasis in original):
> There may no longer be a federal question once the federal employee is resubstituted as defendant, but in the category of cases *amicus* hypothesizes, there *was* a nonfrivolous federal question, certified by the local United States Attorney, when the case was removed to federal court. At that time, the United States was the defendant, and the action was thus under the FTCA. Whether the employee was acting within the scope of his federal employment is a significant federal question-and the Westfall Act was designed to assure that this question could be aired in a federal forum….Because a case under the Westfall Act thus "raises [a] questio[n] of substantive federal law at the very outset," it "clearly 'arises under' federal law, as that term is used in Art. III."

5

United States should be substituted as Defendant in Mr. Kim's place.[5]  If the substitution of defendants were indeed inappropriate, then the basis for Defendant's Motion to Dismiss, that Plaintiff failed to exhaust his administrative remedies as required, would disappear, as Plaintiff would again have merely his state law claims, which do not require exhaustion.

The Court notes, first, that Plaintiff did not raise a timely objection to Magistrate Judge Gorman's January 21, 2010 decision.  Under Federal Rule of Civil Procedure 72(a), a party's objections to a magistrate judge's order on a nondispositive matter must be raised within 14 days of service of the order, and "a party may not assign as error a defect in the [magistrate's] order not timely objected to."  Even if the Court were to consider Plaintiff's Response to Defendant's Motion to Dismiss as a proper objection to Magistrate Gorman's decision, it would be untimely as an objection, since it was not filed until February 12, 2010, at least four days late.  Therefore, Plaintiff is not entitled to have the decision reviewed.  However, as noted by the Seventh Circuit, this Court has the power to review the decisions of a magistrate judge *sua sponte*.  See *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009) (*citing Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir.2006); *Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir.2000); *Phillips v. Raymond Corp.*, 213 F.R.D. 521, 525 (N.D.Ill.2003); S.D. Ill. R. 73.1(a)) ("If no party objects to the magistrate judge's action, the district judge may simply accept it.  But the district judge remains the final authority in the case, and he may reconsider *sua*

---

[5]  Plaintiff's Response also indicates his disagreement with Magistrate Judge Gorman's denial of the Motion to Remand, but, as explained above, the Certification itself automatically makes removal proper.

*sponte* any matter determined by a magistrate judge. Thus, although the district judge must make an independent determination of a magistrate judge's order upon objection, he is not precluded from reviewing a magistrate judge's order to which a party did not object.").

Though the Court is quite hesitant to review the decision of one of this District's honorable magistrate judges, in this situation it finds that such review is appropriate. First, the law is clear that there must be judicial review of a scope of employment certification when it is challenged by the plaintiff. *Gutierrez de Martinez*, 515 U.S. at 434; *Taboas v. Mlynczak*, 149 F.3d 576, 579 fn. 1, 580-81 (7th Cir. 1998). The record here reveals that Magistrate Judge Gorman ruled on the United States' Motion to Substitute Party only two days after it was filed, and Plaintiff thus did not have the chance to respond in opposition to the Motion to Substitute. Magistrate Judge Gorman, apparently relying on the text of the statute stating that, after certification and removal, "the United States shall be substituted as the party defendant," automatically substituted the United States for Mr. Kim because the matter had been certified and removed. 28 U.S.C. § 2679(b)(1). Therefore, there was no meaningful judicial review of the scope of employment certification, and such review must be provided.

Plaintiff bears the burden of persuading the Court that Mr. Kim was not acting in the scope of his employment when he made the statements alleged in the Complaint. *Taboas*, 149 F.3d at 582 (*citing Snodgrass v. Jones*, 957 F.2d 482, 487 fn. 3 (7th Cir. 1992); *Hamrick*, 931 F.2d at 1211 (7th Cir. 1991) (*citing S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir. 1990)). Where a motion for

substitution of defendants "contends that, even accepting the allegations of the complaint as true, the defendant acted within the scope of employment," it may be decided on the face of the complaint. *Taboas*, 149 F.3d at 580 (*citing McHugh v. University of Vermont*, 966 F.2d 67, 74-75 (2d Cir. 1992)).

> In the alternative, the motion for substitution may be decided by reference to affidavits and other evidence outside the pleadings (akin to a summary judgment motion) if the movant contests the facts as pled and the plaintiff is unable to demonstrate that a genuine issue of material fact exists with respect to scope of employment.

*Id.* at 581 (*citing Maron v. United States*, 126 F.3d 317, 322 (4th Cir. 1997); *Melo v. Hafer*, 13 F.3d 736, 746 (3d Cir. 1994); *Wood v. United States*, 995 F.2d 1122, 1129 (1st Cir. 1993)). *See also Snodgrass*, 957 F.2d 482, 484 (7th Cir. 1992) (*quoting Stevenson Olds Sales and Service v. Industrial Com. of Illinois*, 489 N.E.2d 328, 330 (3d Dist. 1986) ("Under Illinois law, 'where the essential facts are undisputed, whether an injury arose out of and in the course of employment presents a question of law.'"). Finally, if there are disputed factual issues that are material to the disposition of the scope of employment question, then "the district court may hold an evidentiary hearing to resolve material factual disputes related to the scope of employment." *Id.*; *Godbout*, 2004 WL 442601, *3 ("plaintiff is entitled to an evidentiary hearing (and presumably limited discovery) to resolve material factual disputes related to scope of employment").

It appears here, from Defendant's Reply in support of its Motion to Dismiss, that Defendant does not contest the facts asserted by Plaintiff, but rather submits new evidence and information putting such facts in context, as Plaintiff's Complaint

8

was rather sketchy on the circumstances of the alleged statements by Mr. Kim.[6] On this basis, it appears that the Court could decide the scope of employment question as a matter of law. However, as Plaintiff has not yet been afforded the opportunity to inform the Court whether he disputes the new facts presented by Defendant, nor to put on any evidence of his own in support of his argument that Mr. Kim was not acting in the scope of his employment when he made the statement alleged in the complaint, he should be allowed some opportunity to carry his burden of persuasion on this issue.[7]

---

[6] Notably, Defendant's Reply does not dispute that Mr. Kim made the alleged email statements, nor that Mr. Kim relied on the reports of others in writing the email. Instead, Defendant argues that, even accepting these allegations, Mr. Kim was acting in the scope of his employment because he was responding to an inquiry from Plaintiff's supervisor. Indeed, Defendant argues that, as a matter of law, even if Mr. Kim was motivated in part by malice or was lying, he was acting within the scope of his employment.

[7] Plaintiff appears to contend that the scope of employment issue can be decided, in his favor, on the face of the Complaint as it currently appears before the Court; this contention seems to be based on the belief that the Court must construe all of Plaintiff's allegations in his favor in deciding this issue. (Doc. 12 at 7). The Court does not agree. Most importantly, the email between Mr. Kim and Mr. Terronez that is the subject of the litigation, and which appears to go far in showing that Mr. Kim's statements were in the course of his employment, was not in the record until Defendant included it with its Reply. As Plaintiff bears the burden of showing that Mr. Kim was not acting in the scope of his employment, and as Defendant has not disputed Plaintiff's factual allegations, but has put on evidence indicating that he was acting in the scope of his employment, Plaintiff cannot now rest on his Complaint as it was submitted in this Court. The Complaint simply fails to provide sufficient facts to enable this review.

Plaintiff requested the opportunity to conduct discovery if Defendant put on any evidence contradicting Plaintiff's version of the events. (Doc. 12 at 7). As Defendant's evidence does not contradict, but merely adds to, Plaintiff's version of events, there appears to be no need for discovery at this time. Further, this Court agrees with the Northern District of Illinois in *Godbout* that discovery may be appropriate *if* an evidentiary hearing is warranted by the existence of material factual issues. *See Godbout*, 2004 WL 442601, *3. Here, the existence of such material factual issues has yet to be shown.

As the question of whether the United States should have been substituted as Defendant in this case is being reopened, the United States' Motion to Dismiss for failure to exhaust administrative remedies under the Federal Tort Claims Act is denied without prejudice as premature. If the Court finds that the United States was not properly substituted, then there is no exhaustion requirement; if the Court finds that the United States is the proper Defendant because Mr. Kim was acting in the scope of his employment, then the United States may renew its Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 9) is therefore DENIED WITHOUT PREJUDICE, with leave to renew once the Court has determined whether substitution of defendants was appropriate in this case. Plaintiff MAY file a brief and evidence, if any, contravening the evidence presented by Defendant in its Reply; such brief and evidence are DUE by August 13, 2010.
IT IS SO ORDERED.

Entered this <u>19th</u> day of July, 2010.

                                                     s/ Joe B. McDade
                                                     JOE BILLY McDADE
                                            United States Senior District Judge