E-FILED
Tuesday, 12 October, 2010 12:02:03 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MARVIN LAGARDE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-4004 |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

# O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Renewed Motion to Dismiss (Doc. 17) filed on September 10, 2010. Plaintiff had until September 27, 2010 to respond and has failed to do so. For the following reasons, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

Plaintiff is an employee of the United States Army, employed at the Rock Island Arsenal as a Quality Assurance Specialist. Plaintiff was deployed to Mosul, Iraq in 2008, where he was supervised by Sang Kim.

On November 25, 2009, Plaintiff filed a Complaint against Mr. Kim in the Circuit Court of the Fourteenth Judicial Circuit in Rock Island County, Illinois. (Doc. 1-2). In his Complaint, Plaintiff alleged that Mr. Kim had defamed him and intentionally interfered with his prospective business opportunities through an e-mail sent on December 11, 2008 to Plaintiff's supervisor, Steve Terronez, at the

Rock Island Arsenal. (Doc. 1-2). Plaintiff contends that this e-mail, in which Mr. Kim informed Plaintiff's supervisor that Plaintiff had both falsely represented the duties he had performed in Iraq and failed to properly perform his actual duties, was false and defamatory, and sent with the intent of impeding Plaintiff's future employment opportunities with the Army. (Doc. 1-2 at ¶¶ 5, 9). He also alleges that Mr. Kim's statements were "malicious in that he knew they were false or acted in reckless disregard for their truth," and that they "were intentional and malicious in that he had no personal knowledge of the facts that he accused plaintiff of misrepresenting and that he had expressed an extreme animosity toward the plaintiff." (Doc. 1-2 at ¶¶ 8, 11).

On January 8, 2010, the United States, on behalf of Mr. Kim, filed a Certification of Scope of Employment by Acting United States Attorney Jeffrey B. Lang and removed the matter to this Court pursuant to 28 U.S.C. § 2679(d)(2).[1] (Doc. 1). Mr. Lang's Certification stated that Mr. Kim was acting in the scope of his employment with the United States Army at all times relevant to the Complaint. (Doc. 5-1). On January 14, 2010, Plaintiff filed a Motion to Remand, arguing that

---

[1] 28 U.S.C. § 2679(d)(2): "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."

The Attorney General has delegated authority to certify scope of employment to the United States Attorneys. 28 C.F.R. § 15.4(a).

removal to federal court was untimely.  (Doc. 3).  The United States, acting on behalf of Mr. Kim, responded on January 19, 2010, in opposition to the Motion to Remand and also filed on that date a Motion to Substitute itself as Defendant for Mr. Kim under 28 U.S.C. § 2679(d)(2).  (Docs. 6 & 7).  On January 21, 2010, Magistrate Judge Gorman denied Plaintiff's Motion to Remand and granted the Motion to Substitute Party. (Doc. 8).

Subsequently, the United States filed a Motion to Dismiss Plaintiff's suit, arguing that Plaintiff had failed to exhaust his administrative remedies as required by the Federal Tort Claims Act.  (Docs. 9 & 10).  Plaintiff did not dispute that he had not exhausted his administrative remedies, but rather argued that Magistrate Judge Gorman erred in substituting the United States as a party because Mr. Kim was not acting within the scope of his employment when he wrote the relevant e-mail; and that therefore the Federal Tort Claims Act was inapplicable.  (Docs. 11 & 12).  The United States filed a Reply pursuant to this Court's Order providing evidence and documentation as to the scope of employment issue.  (Doc. 13).  In an Opinion and Order of July 10, 2010, this Court found that Plaintiff had the burden of persuasion with regards to whether or not Mr. Kim was acting in the scope of his employment when he wrote the e-mail, and accordingly denied Defendant's Motion to Dismiss without prejudice in order to provide Plaintiff an opportunity to meet that burden.  (Doc. 14 at 9-10).

In the Order and Opinion denying Defendant's Motion to Dismiss, the Court stated that "Plaintiff MAY file a brief and evidence, if any, contravening the evidence presented by Defendant in its Reply."  (Doc. 14 at 10).  Plaintiff chose not

3

to file either. Thus, on August 19, 2010, without any additional arguments or evidence from Plaintiff, this Court, *sua sponte*, reconsidered Magistrate Judge Gorman's decision to substitute the United States as a party. (Doc. 15). The Court affirmed Magistrate Judge Gorman's decision finding that Mr. Kim was, in fact, acting within the scope of his employment when he wrote the relevant e-mail. (Doc. 15). On September 10, 2010, the United States renewed its Motion to Dismiss. (Doc. 16).

## DISCUSSION

In its Renewed Motion to Dismiss, Defendant again seeks dismissal because Plaintiff has failed to exhaust his administrative remedies. Plaintiff has failed to respond to this Motion. Pursuant to Local Rule 7.1(B)(2), the Court will therefore presume that there is no opposition. While the Court is entitled to summarily grant Defendant's unopposed motion to dismiss, *Hefley v. Davis,* No. 08-cv-172, 2008 WL 5114647 (N.D. Ill Dec. 2, 2008); *Sanders v. Town of Porter Police Dept.*, No. 05-cv-377, 2006 WL 2457251 (N.D. Ind. Aug. 22, 2006), it will nevertheless analyze the motion on its merits.

Section 2675 of Chapter 28 of the United States Code provides that "an action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ." This exhaustion requirement must be satisfied before a federal court can assert jurisdiction over a subsequent suit. *Erxleben v. United States*, 668 F.2d 268,

271 (7th Cir. 1981). As discussed above, the Court has already determined that Mr. Kim was acting within the scope of his employment when he wrote the challenged e-mail. (Doc. 15). Further, Plaintiff is seeking to recover monetary damages due to Mr. Kim's alleged tortious conduct. Finally, Defendant alleges that Plaintiff has not yet filed any administrative claim regarding this incident, (Docs. 17 & 10-1), and Plaintiff does not dispute this fact. Accordingly, this Court is prevented from asserting jurisdiction over Plaintiff's claim. Before it can do so, Plaintiff must first present his claim to the appropriate federal agency.

## CONCLUSION

For the foregoing reasons, Defendant's Renewed Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 5th day of October, 2010.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge